```
        IN THE UNITED STATES DISTRICT COURT FOR THE
              SOUTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION


ROGER LYNN MEADOWS,             :

     Plaintiff,                 :

vs.                             :   CIVIL ACTION 05-0670-WS-M

A-C PRODUCT LIABILITY TRUST,    :
et al.,
                                :
     Defendants.
```

## REPORT AND RECOMMENDATION

Plaintiff, who is proceeding *pro se*, filed a handwritten Complaint and Motion to Proceed Without Prepayment of Fees (Docs. 1, 2 & 9). This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.2(c)(1).[1] It is recommended that this action be dismissed with prejudice for lack of subject matter jurisdiction.

I.  Nature of Proceedings.

    A.  Present Action.

---

[1]Local Rule 72.2(c)(1) provides for the automatic referral of non-dispositive pretrial matters, such as Plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 2), to a Magistrate Judge for hearing and determination. By filing this Motion, Plaintiff subjects his Complaint to the screening provisions of 28 U.S.C. § 1915(e)(2)(B), which mandates the dismissal of a complaint if a court determines a complaint is frivolous or malicious, fails to state a claim upon which relief can be granted, or sues a person for money damages who is immune from such relief. During the screening of the Complaint, the undersigned has determined that this Court's subject matter jurisdiction has not been invoked.

Plaintiff's Complaint is on the form provided in the *Pro Se Litigant Guide* as an example of a complaint's format (Doc. 1). Plaintiff used the form for his Complaint by handwriting his information in its available spaces. In the space identified for "grounds for jurisdiction," Plaintiff states "job related injury." And in the space where Plaintiff was asked to state his legal claim or his reason for filing suit and to include the statute under which he was filing suit, Plaintiff provides "job related injury told to work with unsafe product asbestis [sic]." Attached to the Complaint are two pages from Plaintiff's action filed in the United States District Court for the Northern District of Ohio (hereinafter "Ohio federal court") against 93 Defendants, which are also identified as this action's Defendants.

In subsequent filings (Docs. 4 - 6), Plaintiff requests an out-of-court settlement and a settlement conference as he has withdrawn from the law firm representing him in his asbestos action and has received his attorney's file (Doc. 5). The Court has denied Plaintiff's requests (Doc. 7).

B.  Prior Actions and Other Jurisdictions' Actions.

In the past, Plaintiff filed *pro se* actions with this Court in which he sought compensation for his exposure to asbestos. In the *Meadows v. Seafarers International Union,* CA 00-0844-CB-S

(S.D. Ala. Nov. 20, 2000),[2] Plaintiff's action was dismissed for lack of subject matter jurisdiction after he had been given an opportunity to amend his complaint for the purpose of establishing subject matter jurisdiction.  In the amended complaint, like the present Complaint, Plaintiff alleged that this Court's jurisdiction was based on "personal injury."  Plaintiff maintained that his seaman career ended when he contracted asbestosis and that he was represented by Maritime Law in a lawsuit pending in the Northern District of Ohio, No. 196CV13874, against 104 defendants concerning his asbestosis.

Plaintiff alleged that in the Ohio action he sued the shipping company, Maritime Overseas (presently O.S.G.), and his union for ordering him to work with asbestos on their ships and, in particular, when he was told to remove it from the kitchen.  Plaintiff claimed that he has lost $375,000 in wages and that Maritime Law, i.e., Mr. Marsden, was not suing these two defendants.

To determine the status of the Ohio action, the Court contacted the Ohio federal court and received a copy of the Memorandum Opinion and Order entered in the maritime asbestos cases on May 2, 1996, which was attached to the Report and Recommendation as Exhibit A.  The opinion stated that all

---

[2]This Court takes judicial notice of its records.  *ITT Rayonier, Inc. v. United States*, 651 F.2d 343, 345 n.2 (5th Cir. July 20, 1981).

asbestos actions nationwide were in multi-district litigation (Ex. A, at 2), with jurisdiction over the actions having been transferred to the United States District Court for the Eastern District of Pennsylvania (hereinafter "Pennsylvania federal court") (Ex. A, at 10).

The maritime actions that were filed in the Ohio federal court were specifically addressed by the Pennsylvania federal court in its opinion and attendant order (Ex. A, at 1, 3, 14-16). The Pennsylvania federal court administratively dismissed the maritime asbestos actions and tolled the statute of limitations (Ex. A, at 14). The Pennsylvania federal court retains jurisdiction over the maritime asbestos actions, and will reinstate a specific action upon a plaintiff making a showing of an asbestos-related personal injury supported by the requisite evidence (Ex. A, at 15). Plaintiff's Ohio action is a maritime asbestos action.

The filing of the present action caused the Court to contact the Ohio federal court, where the docket is kept for Plaintiff's action. The Court was informed that Plaintiff's asbestos action remains inactive and that the jurisdiction for his action rests with the Pennsylvania federal court handling the multi-district litigation for asbestos actions. The Court then verified this

information with the Pennsylvania federal court.[3]

II. Discussion.

A federal court is a court of limited of jurisdiction. *Kokkonen v. Guardian Life Ins.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994).  That is, a federal court is authorized to entertain only certain actions which the Constitution or Congress has authorized it to hear.  *Id.*  "It is to be presumed that a cause lies outside this limited jurisdiction, . . ., and the burden of establishing the contrary rests upon the party asserting jurisdiction,. . . ."  *Id.* (citations omitted).  Therefore, a plaintiff is required by Rule 8(a)(1) of the Federal Rules of Civil Procedure to allege in his complaint "a short and plain statement of the grounds upon which the court's jurisdiction depends."  A federal court's jurisdiction must be established by a plaintiff in the complaint by stating the basis of the court's jurisdiction and by pleading facts that demonstrate the existence of jurisdiction.  *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994); *Kirkland Masonry,*

---

[3]In addition to the *Seafarers* action, Plaintiff has filed two other actions in this Court: *Meadows v. Maritime Overseas*, CA 98-0089-P-S (S.D. Ala. May 8, 1998), was dismissed pursuant 28 U.S.C. § 1915(e)(2)(B) because Plaintiff's asbestosis claim was pending in a multi-district action in Ohio; and *Meadows v. A-C Product Liability Trust,* 03-0750-CG-M (S.D. Ala. Dec. 4, 2003), was voluntarily dismiss by Plaintiff.

*Inc. v. Comm'r*, 614 F.2d 532, 533 (5th Cir. 1980) (same).[4] "[O]nce a court determines that there has been no [Congressional] grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction." *Morrison v. Allstate Indemnity Co.,* 228 F.3d 1255, 1261 (11th Cir. 2000).

After reviewing the Complaint and Plaintiff's designation of the grounds for the Court's jurisdiction, the Court concludes that Plaintiff has failed to establish this Court's jurisdiction in his Complaint (Doc. 1). "Personal injury" is not a basis for a federal court's jurisdiction. Plaintiff was previously advised that "personal injury" was not a basis for the Court's jurisdiction in CA 00-0844-CB-S and was advised in that action of the steps that he could take in regard to his previously filed asbestos action. Because Plaintiff has not established this Court's jurisdiction in his Complaint, Plaintiff's action is due to be dismissed for lack of subject matter jurisdiction. *Barnett v. Bailey*, 956 F.2d 1036, 1039-41 (11th Cir. 1992) (holding that a court is required to examine its jurisdiction over an action at any time and dismiss an action *sua sponte* for lack of subject matter jurisdiction if jurisdiction is not found).

III. <u>Conclusion</u>.

---

[4]The Eleventh Circuit in *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

Based upon the foregoing reason, it is recommended that this action be dismissed with prejudice for lack of subject matter jurisdiction.[5]

## MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a

---

[5] If Plaintiff had identified a basis for federal court jurisdiction in his Complaint, his action would eventually be transferred to the Pennsylvania federal court, which has jurisdiction over all asbestos actions, including the asbestos actions on this Court's docket.  Inasmuch as Plaintiff already has an asbestos action before the Pennsylvania federal court, even though it is inactive, Plaintiff would gain no more by having a second action, as it may be consolidated with his Ohio action already there or may be dismissed as duplicative.  Plaintiff is advised to work with his lawyer who is representing him in the Ohio action.  Or if, in fact, Plaintiff is no longer represented by counsel, then he should contact the involved Ohio or Pennsylvania courts about how to proceed and if he can proceed without representation.

      brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

      A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.    **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

      DONE this 1st day of March, 2006.

                                    s/BERT W. MILLING, JR.
                                    UNITED STATES MAGISTRATE JUDGE